# Exhibit 1 – May 2, 2019 Memorandum

Defendants' Notice – Oct. 21, 2019

*Moose Jooce et al. v. FDA et al.*

No. 18-cv-203-CRC



# Memorandum

**To:** See Recipient List

**From:** Acting Commissioner of Food and Drugs

**Date:** May 2, 2019

**Subject:** Delegation of Authority for General Redelegations of Authority from the Commissioner to Other Officers of the Food and Drug Administration (published as SMG 1410.21)

I approve this delegation of authority.

1. **AUTHORITIES DELEGATED AND TO WHOM DELEGATED.**

   A. Final authority of the Commissioner of Food and Drugs (Commissioner) is redelegated as referenced in the Food and Drug Administration (FDA) Staff Manual Guide (SMG) 1400 series. The Commissioner may continue to exercise all delegated authority referenced in these SMGs.

   B. The officials listed below are authorized to perform all delegable functions of the Commissioner. These officials may not further redelegate this authority, or any part of this authority, except as elsewhere specified:

      (1) Principal Deputy Commissioner, Office of the Commissioner (OC).

      (2) Chief of Staff, OC.

      (3) Deputy Commissioner for Policy, Legislation, and International Affairs, Office of Policy, Legislation, and International Affairs (OPLIA).

      (4) Deputy Commissioner for Food Policy and Response, Office of Food Policy and Response (OFPR).

      (5) Principal Associate Commissioner for Policy, Office of Policy (OP), OPLIA.

      (6) Chief Scientist, Office of the Chief Scientist (OCS).

      (7) Chief Operating Officer, Office of Operations (OO).

   C. The Federal Vacancies Reform Act of 1998 (Vacancies Reform Act) applies if the Commissioner dies, resigns, or is otherwise unable to perform the functions and duties of the Office of the Commissioner.

      (1) When the Vacancies Reform Act applies, the first assistant as designated by the Secretary shall act as Commissioner, unless the President has directed someone else to act as Commissioner pursuant to the Vacancies Reform Act. If there is no first assistant as designated by the Secretary, the Principal Deputy Commissioner shall act as Commissioner unless the Principal Deputy Commissioner does not meet the requirements of the Vacancies Reform Act or the President has directed someone else to act as Commissioner pursuant to the Vacancies Reform Act.

      (2) During an absence of the Commissioner that does not trigger the requirements of the Vacancies Reform Act, the first official in the following order who is available, or the official in the following list who has been designated by the Commissioner to serve in an acting capacity, shall lead the FDA (specific delegations provided below do not limit the general delegations provided by this

Section to the designated officials who are authorized to perform all of the delegable functions of the Commissioner):

  a. Principal Deputy Commissioner, OC.
  b. Chief of Staff, OC.
  c. Deputy Commissioner for Policy, Legislation, and International Affairs, OPLIA.
  d. Deputy Commissioner for Food Policy and Response, OFPR.
  e. Chief Scientist, OCS.
  f. Chief Operating Officer, OO.

D. Authority delegated to a position by title may be exercised by a person officially designated to serve in that position in an acting capacity or on a temporary basis, unless prohibited by a restriction in the document designating them as "acting" or unless not legally permissible.

E. The officials listed below are authorized to perform all the functions of the officials under them in their respective organizations and they may not further redelegate this authority:

  (1) Principal Deputy Commissioner, OC.
  (2) Chief Counsel, Office of the Chief Counsel. (OCC).
  (3) Chief Scientist, OCS.
  (4) Chief Operating Officer, OO.
  (5) Deputy Commissioner for Policy, Legislation, and International Affairs, OPLIA.
  (6) Associate Commissioner for Regulatory Affairs, Office of Regulatory Affairs (ORA).

F. The Chief Scientist, OCS, is authorized:

  (1) To make determinations that advisory committee meetings are concerned with matters listed in 5 U.S.C. 552(b) and therefore may be closed to the public in accordance with Title 21, Code of Federal Regulations (21 CFR) 14.27.

  (2) To perform other associated advisory committee functions, e.g., establishing technical and scientific review groups (advisory committees); appointing and paying members; approving waivers to appoint members to established advisory committees; renewing and rechartering of established advisory committees; amending charters of established advisory committees; and terminating established advisory committees.

  (3) To approve conflict of interest waivers for Special Government Employees (SGEs) and regular government employees serving on advisory committees in accordance with 21 U.S.C. Section 379d-1 and 18 U.S.C. Section 208(b)1 and Section 208(b)(3), as amended.

  (4) To select temporary members to advisory committees if such voting members are serving on an advisory committee managed by a Center or Office other than OCS.

G. The Director, Office of Combination Products (OCP), Office of Clinical Policy and Programs (OCPP), is authorized:

  (1) Under Section 503(g)(4)(E)(ii) of the Federal, Food, Drug and Cosmetic Act (FFDCA), as added by Section 204 of the Medical Device User Fee Modernization Act of 2002 (MDUFMA), with respect to combination products the following: "During the review process, any dispute regarding the substance of premarket review may be presented to the Commissioner of Food and Drugs after first being considered by the Center with primary jurisdiction of the premarket review, under the

scientific dispute resolution procedures for such Center. The Commissioner shall consult with the Director of the Office of Combination Products (OCP), OCPP in resolving the substantive dispute."

H. The Deputy Commissioner for Policy, Legislation, and International Affairs, OPLIA; the Principal Associate Commissioner for Policy, Office of Policy (OP), OPLIA; the Associate Commissioner for Policy, OP, OPLIA, and the Director, Office of Global Policy and Strategy (OGPS), OPLIA are authorized:

(1) To perform any of the functions of the Commissioner with respect to the issuance of Federal Register (FR) notices and proposed and final regulations of the FDA. This authority may not be further redelegated.

(2) To issue responses to the following matters under Part 10 of 21 CFR as follows and these officials may not further redelegate this authority:

   a. Requests for waiver, suspension, or modification of procedural requirements under Section10.19 of 21 CFR.

   b. Citizen petitions under Section 10.30 of 21 CFR.

   c. Petitions for reconsideration under Section 10.33 of 21 CFR.

   d. Petitions for stay under Section 10.35 of 21 CFR.

   e. Requests for advisory opinions under Section 10.85 of 21 CFR.

(3) With respect to any matter delegated to the Deputy Commissioner for Policy, Legislation, and International Affairs, OPLIA; the Principal Associate Commissioner for Policy, OP, OPLIA; and the Associate Commissioner for Policy, OP, OPLIA, under this paragraph, the Deputy Commissioner for Policy, Legislation, and International Affairs, OPLIA; the Principal Associate Commissioner for Policy, OP, OPLIA, and the Associate Commissioner for Policy, OP, OPLIA, are authorized to perform the functions of the Commissioner under Sections 10.40, 10.45, 10.50, 10.55, 10.60, 10.65, 10.80, 10.90, and 10.95 of 21 CFR and of a Deputy Commissioner under Sections 10.206(g) and (h) of 21 CFR. These authorities may not be further redelegated.

(4) To certify that a proposed or final rule, if issued, will not have a significant economic impact on a substantial number of small entities under the Regulatory Flexibility Act (5 U.S.C. 605(b)). The Deputy Commissioner for Policy, Legislation, and International Affairs, OPLIA; the Principal Associate Commissioner for Policy, OP, OPLIA; and the Associate Commissioner for Policy, OP, OPLIA, may further redelegate this authority.

(5) To make all determinations and findings under 21 CFR Part 15, and to waive, suspend, or modify any procedural requirements related to Part 15 under Section 10.19 of 21 CFR.

I. The Director and Deputy Director, Office of Regulatory Policy (ORP), CDER, is authorized:

(1) To waive or reduce prescription drug user fees in situations where the Director and Deputy Director, ORP, CDER, find that such a waiver or reduction:

   a. is necessary to protect public health under Section 736(d)(1)(A) of the FFDCA (21 U.S.C. 379h(d)(1)(A)), as amended;

   b. is necessary because the fee would present a significant barrier to innovation under Section 736(d)(1)(B) of the FFDCA (21 U.S.C. 379h(d)(1)(a)), as amended; or

   c. is appropriate under Section 736(d)(1)(D) of the FFDCA (21 U.S.C. 379h(d)(1)(D)), as amended because the applicant involved is a small business submitting its first human drug application.

   These authorities may not be redelegated.

    (2) To act upon requests for consideration of any user fee decisions under Section 735 of the FFDCA (21 U.S.C. 379h), other than decisions on fee-exceed-the cost waiver requests, made by such officers and the former Deputy User Fee Waiver Officer prior to July 1, 1999. These authorities may not be further redelegated.

J. The Director, Policy and Regulations Staff, Office of the Center Director, Center for Veterinary Medicine (CVM) is authorized:

    (1) To waive or reduce animal drug user fees in situations where the Director, Policy and Regulations Staff, Office of the Center Director, CVM, finds that such a waiver or reduction:

        a. is necessary because the fee would present a significant barrier to innovation under Section 740(d)(1)(A) of the FFDCA (21 U.S.C. 379j-12(d)(1)(A)), as amended;

        b. is necessary because the animal drug application or supplemental animal drug application is intended solely to provide for use of the animal drug in medicated feeds under Section 740(d)(1)(C) of the FFDCA (21 U.S.C. 379j-12(d)(1)(C)), as amended;

        c. is necessary because the animal drug application or supplemental animal drug application is intended solely to provide for a minor use or minor species indication under Section 740(d)(1)(D) of the FFDCA (21 U.S.C. 379j-12(d)(1)(D)), as amended; or

        d. is appropriate under Section 740(d)(1)(E) of the FFDCA (21 U.S.C. 379j-12(d)(1)(E)), as amended because the applicant involved is a small business submitting its first animal drug application.

    This authority may not be redelegated.

    (2) To waive or reduce generic animal drug user fees in situations where the Director, Policy and Regulations Staff, Office of the Center Director, CVM, finds that such a waiver or reduction is necessary because a generic new animal drug is intended solely to provide for a minor use or minor species indication under Section 741(d)(1) of the FFDCA (21 U.S.C. 379j-21(d)(1)), as amended.

    (3) Under any of the above cited provisions of Sections 740 and 741 of the FFDCA, to act upon requests for reconsideration of decisions made. This authority may not be redelegated.

K. The Deputy Directors, Office of the Center Director, CVM, are authorized to act upon requests for reconsideration of decisions made under any provision of Sections 740 and 741 of the FFDCA, except for those decisions that pertain to fee-exceed-the cost waiver requests. This authority may not be further redelegated.

L. The Chief Operating Officer, OO, is authorized to perform the functions of the Commissioner under:

    (1) Section 736(d)(1)(c) of the FFDCA (21 U.S.C. 379h (d)(1)(C)), as amended, to waive or reduce prescription drug user fees in situations where the Chief Operating Officer, OO, finds that "the fees will exceed the anticipated present and future costs." The Chief Operating Officer, OO, may further redelegate the authority in this paragraph in whole or in part to the Chief Financial Officer, Office of Finance, Budget and Acquisitions (OFBA), OO.

    (2) Section 740(d)(1)(B) of the FFDCA, to waive or reduce animal drug user fees, for waiver or reduction requests made on the basis that the fees assessed exceed the costs to FDA for reviewing applications. The Chief Operating Officer, OO, may further redelegate the authority in this paragraph in whole or in part to the Chief Financial Officer, OFBA, OO.

    (3) Section 736(c)(4) of the FFDCA, as amended by the Prescription Drug User Fee Act Amendments of 2002, to establish application, product, and establishment fees under Section 736(a), based on the revenue amounts established under Section 736(b) and the adjustments under 736(c). The Chief

        Operating Officer, OO, may further redelegate the authority in this paragraph in whole or in part to the Chief Financial Officer, OFBA, OO.

    (4)  Section 738 of the FFDCA, as added by the MDUFMA, to adjust and set fee rates for medical device applications each year. The Chief Operating Officer, OO, may further redelegate the authority in this paragraph in whole or in part to the Chief Financial Officer, OFBA, OO.

    (5)  Section 740(c)(4) of the FFDCA, to adjust and set new and supplemental animal drug application fees, animal drug sponsor fees, animal drug product fees, and animal drug establishment fees. The Chief Operating Officer, OO, may further redelegate the authority in this paragraph in whole or in part to the Chief Financial Officer, OFBA, OO.

    (6)  Section 741(c)(3) of the FFDCA, to adjust and set abbreviated application fees, generic new animal drug sponsor fees, and generic new animal drug product fees. The Chief Operating Officer, OO, may further redelegate the authority in this paragraph in whole or in part to the Chief Financial Officer, OFBA, OO.

    (7)  Section 919(b)(6)) of the FFDCA (21 U.S.C. 387s(c)(6)), to notify each manufacturer and importer of tobacco products subject to this Section of the amount of the quarterly assessment due for such products. The Chief Operating Officer, OO, may further redelegate the authority in this paragraph in whole or in part to the Chief Financial Officer, OFBA, OO.

    (8)  Under any fees-exceed-cost user fee waiver or reduction Sections of the FFDCA noted above, act upon requests for reconsideration of decisions made by such officers. This authority may not be redelegated.

M. The Chief Scientist, OCS, is designated as the User Fee Appeals Officer. The User Fee Appeals Officer is authorized to hear and decide user fee waiver appeals. The decision of the User Fee Appeals Officer will constitute final FDA action on such matters. The User Fee Appeals Officer may not further redelegate this authority.

N. The Chief Operating Officer, OO, is authorized to perform all of the administrative authorities (i.e., financial, personnel, facilities management, property management, etc.) of the Commissioner. These authorities may be further redelegated, except when specifically prohibited.

O. The officials listed below are authorized to deny a request to issue an emergency use authorization (EUA) under Section 564 of the FFDCA, and to consult under Section 564(c) of the FFDCA, requiring "consultation with the Director of the National Institutes of Health and the Director of the Centers for Disease Control and Prevention (to the extent feasible and appropriate given the circumstances of the emergency involved)" prior to issuing an EUA:

    (1)  Chief Scientist, OCS.

    (2)  Director and Deputy Director, Center for Biologics Evaluation and Research (CBER).

    (3)  Director, Deputy Director for Operations, and Deputy Director for Regulatory Programs, Center for Drug Evaluation and Research (CDER).

    (4)  Director, Deputy Center Director for Science, and Deputy Center Director for Policy, Center for Devices and Radiological Health (CDRH).

    (5)  Director, Center for Veterinary Medicine (CVM).

P. The officials listed below are authorized to issue the final decision regarding the disqualification of a clinical investigator, i.e., the investigator's eligibility to receive investigational articles under 21 CFR 312.70(b), 511.1(c)(2), or 812.119(b):

    (1)  Chief Scientist, OCS.

    (2) Associate Commissioner for Clinical Policy and Programs, Office of Clinical Policy and Programs (OCPP).

Q. The officials listed below are authorized to sign a consent agreement between the FDA and a clinical investigator regarding the disqualification of the clinical investigator, resulting in the clinical investigator's ineligibility to receive investigational articles under 21 CFR 312.70(b), 511.1(c)(2), or 812.119(b) and containing a binding provision that disqualification pursuant to the consent agreement has the same legal effect as being disqualified pursuant to the relevant regulation after a Part 16 Hearing:

    (1) Director, CBER.

    (2) Director and Deputy Director, Office of Compliance and Biologics Quality (OCBQ), CBER.

    (3) Director, CDER.

    (4) Director and Deputy Director, Office of Compliance (OC), CDER.

    (5) Director and Deputy Director, Division of Scientific Investigations (DSI), OC, CDER.

    (6) Director, Deputy Center Director for Science, and Deputy Center Director for Policy, CDRH.

    (7) Director, Deputy Directors, and Associate Director for Compliance and Quality, Office of Product Evaluation and Quality (OPEQ), CDRH.

    (8) Director, Office of Clinical Evidence and Analysis (OCEA), OPEQ, CDRH.

    (9) Director, CVM.

    (10) Director and Deputy Director, Office of Surveillance and Compliance (OSC), CVM.

    (11) Director, Division of Compliance (DC), OSC, CVM.

These officials may not further redelegate this authority.

2. **REDELEGATION.**

A. These officials may not further redelegate these authorities unless so specified in this delegation.

3. **EFFECTIVE DATE.**

A. These delegations become effective upon date of signature.

B. In addition, I hereby ratify and affirm any actions taken by you or your subordinate(s), which in effect involved the exercise of the authorities delegated herein prior to the effective date of this delegation.

Norman E. Sharpless, M.D.

Recipients:
- Office of the Chief Counsel
- Office of Policy, Legislation, and International Affairs

- CBER/OM Associate Director for Management
- CDER/OM Associate Director for Management
- CVM/OM Associate Director for Management
- ORA/OM Associate Director for Management
- OO/Office of Enterprise Management Services (OEMS)
- OCS Chief Scientist
- Component Delegation Control Officers
- Principal Delegation Control Officer